UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DONNELLY SWEENEY, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>CHRISTINE CARRINGER, et al.,<br><br>        Defendants. | Case No. 25-cv-03148-JST<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING IN PART AND DENYING IN PART MOTION FOR ENLARGEMENT OF TIME**<br><br>Re: ECF Nos. 157, 158 |

Now before the Court are Plaintiffs' motion for reconsideration, ECF No. 157, and motion for enlargement of briefing deadlines, ECF No. 158. The Court will deny the motion for reconsideration and grant in part and deny in part the motion for enlargement of deadlines.

The Court construes Plaintiffs' motion for reconsideration, ECF No. 157, as a motion for leave to file a motion for reconsideration pursuant to Civ. L.R. 7-9. Under that rule, "motions for leave to file a motion for reconsideration may be filed if a party can demonstrate: (1) that there is a material difference of fact or law between the time of the motion for leave and the time of an entry of an interlocutory order; (2) that new material facts emerged or a change of law occurred after the entry of the order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented before the interlocutory order was entered." *Ennix v. Stanten*, No. C 07-02486 WHA, 2007 WL 2688483, at *1 (N.D. Cal. Sept. 10, 2007). The primary ground of Plaintiffs' motion is that the Court erred by setting aside Defendants' defaults because the Court could not take that action in the absence of a motion.

Plaintiffs misunderstand the law. A clerk's entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). "[A] district court's discretion is 'especially broad when, as in this case, 'it is entry of default that is being set aside, rather than a default judgment.'" *Brady v.*

*United States*, 211 F.3d 499, 504 (9th Cir. 2000) (quoting *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). "Where good cause exists, a district court has the authority to set aside an entry of default *sua sponte*." *Safeco Ins. Co. of Am. v. Pederson*, No. 1:24-CV-01299-CDB, 2025 WL 711185, at *1 (E.D. Cal. Mar. 5, 2025). Here, the Court found good cause in its order setting aside the defaults. No motion was required to be filed. Accordingly, Plaintiffs' motion for reconsideration is denied. Plaintiffs' request for certification for immediate appeal under 28 U.S.C. § 1292(b), ECF No. 157 at 9, is also denied.[1]

Plaintiffs' motion for an enlargement of time, ECF No. 158, appears to be directed at the following motions: Defendant Thomas Ferrara's motion to dismiss Plaintiffs' first amended complaint, ECF No. 136; the order to show cause why this action should not be dismissed for lack of jurisdiction, ECF No. 141; federal defendants' motion to transfer or dismiss, ECF No. 143; Defendants Bryant Cannon, Matthew Bullock, Eileen White, Xavier Fernandez, Adrienne Klein, and Larry Goldzband's motion to dismiss, ECF No. 152; Defendant San Francisco Estuary Institute's motion to dismiss, ECF No. 118; and Defendant Christine Carringer's motion to dismiss, ECF No. 121.[2] Plaintiffs seek an extension to August 24, 2025 to respond to each of these orders or motions. ECF No. 158 at 4.

With respect to Plaintiffs' response to the order to show cause why the action should not be dismissed for lack of jurisdiction, Plaintiffs' motion is denied as moot, because Plaintiffs have already filed their response, ECF No. 172. With respect to each of the other foregoing motions, Plaintiffs' motion to enlarge time is granted. Responses to each of the motions is due August 25, 2025.[3] Reply briefs with regard to the motions are due September 8, 2025. The Court will not grant further extensions to Plaintiffs with regard to these matters.

**IT IS SO ORDERED.**

Dated: August 11, 2025

---

[1] In the motion, Plaintiff Sweeney states that he is unable to attend the hearing scheduled for October 16, 2025. ECF No. 157 at 5. If Plaintiff Sweeney is unable to appear on that date he may move for a continuance after meeting and conferring with defendants.
[2] Plaintiffs also refer to a "Siegel response" and an "AG response to default," ECF No. 158 at 4, but the Court is not able to understand how these refer to obligations on the part of Plaintiffs.
[3] August 24, 2025 falls on a Sunday.

_____
JON S. TIGAR
United States District Judge

3