JOHN DONNELLY SWEENEY
PRO SE
3826 DENVERTON ROAD
SUISUN CA 94585
(415) 686–0907
captainjohnsweeney@gmail.com
@bucklerisland on X

JENNIFER FROST
PRO SE
3826 DENVERTON ROAD
SUISUN CA 94585
(415)272-2560
collectfrost@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DONNELLY SWEENEY, et al., Plaintiffs, v. CHRISTINE CARRINGER, et al., Defendants. | Case No. 4:25-cv-03148-JST  **PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES** |

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

Plaintiffs John Donnelly Sweeney and Jennifer Frost respectfully supplement their prior Request for Judicial Notice of Ongoing Retaliation in State Court Proceedings Undermining Defendants' Rooker-Feldman Argument (ECF No. 22 & 44 Notices of Retaliation) to highlight a material contradiction between Defendants' positions in this Court and in ongoing state enforcement actions. Specifically, Defendant Bryant Cannon's filings on September 19, 2025, in Solano County Superior Court Case No. FCS048136—including a 647-page appendix insisting that Sweeney remains obligated to restore Point Buckler Island—directly contradict representations in this federal court that the state judgment is final and satisfied, with restoration obligations shifted to federal entities like the EPA and John Muir Land Trust (JMLT) per federal Order No. 323. This contradiction, occurring after the FAC's filing on July 7, 2025 (detailing post-judgment extortion and fraudulent writs as RICO predicates at PDF pp. 45-52), confirms extrinsic fraud and retaliation, rendering Rooker-Feldman inapplicable and stripping Defendants Cannon, Matthew Bullock, Eileen White, and Xavier Fernandez of immunity.

Federal Rule of Evidence 201 permits this supplemental notice, as these are authentic public records from state court, not subject to reasonable dispute. See *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (holding that courts may judicially notice undisputed facts in public records, including state filings, to establish proceedings and orders; facts: Plaintiffs sued for false arrest and extradition after a mentally disabled individual was wrongfully extradited from New York to California based on mistaken identity, and the Ninth Circuit affirmed judicial notice of waiver documents from state proceedings as verifiable public records, emphasizing that such notice is appropriate for facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned; this applies here because the exhibits are verifiable state court filings that establish ongoing proceedings and contradictions, not subject to dispute, allowing the Court to notice them without converting any motion into summary judgment).

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

Defendants claim this case is barred as an impermissible appeal of "final" state judgments. Yet, after the First Amended Complaint was filed on July 7, 2025, these same Defendants have:

· Pursued new writs never authorized by any court;

· Secured a new $1 million judgment against Plaintiff Frost (August 25, 2025);

· Scheduled debtor exams for November 3, 2025; and

· Demanded further contempt sanctions based on already satisfied obligations.

This conduct proves Plaintiffs' allegations of extrinsic fraud and retaliation, placing the case outside Rooker-Feldman. See *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) (holding that Rooker-Feldman does not bar federal actions alleging extrinsic fraud in state court proceedings, such as void judgments obtained through fraud on the court; facts: Plaintiffs sued in federal court to set aside state court default judgments as void due to lack of service and extrinsic fraud, and the Ninth Circuit reversed dismissal, explaining that claims of extrinsic fraud constitute independent injuries not barred by Rooker-Feldman because they challenge the manner in which the state judgment was procured rather than the judgment itself; this applies here because Defendants' post-satisfaction fraudulent writs and new judgments represent extrinsic fraud that independently injures Plaintiffs, allowing federal review without implicating Rooker-Feldman); *Miroth v. County of Trinity*, 93 F.4th 1064 (9th Cir. 2024) (holding that Rooker-Feldman does not apply to claims of ongoing constitutional violations or retaliation independent of a final state judgment; facts: Plaintiff, a medical marijuana cultivator, sued county officials under § 1983 for unconstitutional searches and seizures during enforcement actions, and the Ninth Circuit reversed dismissal under Rooker-Feldman, noting that the federal claims arose from independent harms like retaliatory enforcement rather than seeking review of a state court order; this applies here because Defendants' post-FAC actions, including new writs and debtor exams, constitute fresh retaliatory injuries independent of any "final" state judgment, thus falling outside Rooker-Feldman).

**EXHIBITS SUBJECT TO SUPPLEMENTAL JUDICIAL NOTICE**

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

Plaintiffs attach and request judicial notice of the following documents, which directly evidence the contradictions alleged:

1. Exhibit A: **Federal Order No. 323 (EPA/JMLT Restoration Obligation)**. This order confirms that restoration obligations for Point Buckler Island remain with state and federal agencies (EPA and JMLT), not Plaintiffs, directly contradicting Cannon's state court insistence on Sweeney's ongoing duties.

2. Exhibit B: **Notice of Entry of Judgment (CU24-01789)**, filed August 28, 2025. Records a new $1 million judgment against Frost, based on unauthorized writs filed after the January 22, 2025 satisfaction of judgment in FCS048136.

3. Exhibit C: **Plaintiffs' Motion to Dismiss ongoing Enforcement Proceedings (FCS048136),** filed September 19, 2025, challenging Cannon's continued post-auction enforcement, fraudulent writs, and requesting sanctions. Hearing set for October 28, 2025.

4. Exhibit D: **Attorney General's Notice of Debtor Examinations and "Outstanding Violations" (FCS048136),** filed September 19, 2025, requiring Sweeney and Frost to appear November 3, 2025 despite satisfaction. The case is now assigned to Judge Kam's court following Judge Carringer's forced retirement.

5. Exhibit E: **California Regional Water Quality Control Board's Appendix in Support of Notice of November 3, 2025 Debtor Examinations and Notice of Outstanding Violations; Vol. I, Exhibits 1-40 (FCS048136),** Filed September 19, 2025, asserts that Sweeney remains obligated to restore Point Buckler Island, rehashing historical orders marked with asterisks as ongoing contempt, despite the January 22, 2025 auction satisfaction and federal Order No. 323 shifting restoration to EPA/JMLT.

**ARGUMENT: RELEVANCE TO DEFENDANTS' MOTIONS TO DISMISS AND IMMUNITY DEFENSES**

These supplemental exhibits are directly relevant to opposing Defendants' motions to dismiss, particularly those invoking Rooker-Feldman (e.g., AG Defendants' motion arguing lack of

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

jurisdiction over "final" state judgments), and to defeating immunity for Cannon, Bullock, White, and Fernandez. We refute their claims with integrated facts and case law, pulling directly from the cases' texts and applying them here.

1. Rooker-Feldman Does Not Apply Where Defendants Manufacture New Judgments Through Fraud.

Rooker-Feldman bars federal review of final state judgments. It does not apply when defendants commit extrinsic fraud or create new, independent injuries. See *Kougasian v. TMSL, Inc.*, 359 F.3d at 1140 (as detailed above, holding that extrinsic fraud claims are not barred because they address independent wrongs in procuring the judgment; this applies directly as Defendants' unauthorized writs post-satisfaction constitute extrinsic fraud creating new harms); *Miroth v. County of Trinity*, 93 F.4th at 1073 (as detailed above, emphasizing that retaliatory actions after a state proceeding create independent federal claims; this applies because the new judgment and exams are post-FAC retaliations).

Here, Defendants filed unauthorized writs in March and April 2025, months after the January 22, 2025 satisfaction. Those writs led to the new $1 million judgment in CU24-01789 (Ex. B). That judgment, along with Cannon's debtor exam notice and 647-page appendix (Exs. D, E), are not "final judgments" immune from review but new retaliatory acts that independently violate Plaintiffs' rights.

2. Judicial Estoppel Bars Defendants from Inconsistent Positions on Judgment Finality and Obligations; Defendants' Inconsistent Positions Destroy Their Rooker Defense.

In this Court, Defendants argue the case is barred because state proceedings are "final." But in state court they actively litigate as though the case is ongoing — obtaining new judgments, demanding debtor exams, and opposing satisfaction.

This contradiction estops Defendants from invoking Rooker-Feldman. See *New Hampshire v. Maine*, 532 U.S. 742 (2001) (the Supreme Court held that judicial estoppel bars parties from asserting inconsistent positions in successive proceedings to prevent "playing fast and loose" with the courts, especially where the prior position was accepted and the change would unfairly

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

prejudice the opponent; facts: New Hampshire sued Maine over a river boundary dispute but was estopped from asserting a new position after previously agreeing to a different boundary in a consent decree, as the Court explained that estoppel applies when a party's later position is clearly inconsistent, the party succeeded in persuading a court to accept the earlier position, and the party would derive an unfair advantage without estoppel; this applies here because Defendants' federal claim of "finality" is clearly inconsistent with their state court pursuit of ongoing enforcement, which they have persuaded the state court to accept via new filings, unfairly prejudicing Plaintiffs by blocking federal relief while prolonging state harassment). Cannon's 647-page appendix (Exhibit E) resurrects "outstanding violations" like restoration as ongoing, contradicting federal Order No. 323 (Exhibit A) shifting those duties to EPA/JMLT. This inconsistency estops Defendants from invoking Rooker-Feldman based on "finality," as their state actions admit the judgment is unresolved.

3. Fraudulent Enforcement Efforts Strip Defendants of Immunity.

The acts at issue — filing unauthorized writs, securing new judgments, demanding exams — are administrative and fraudulent, not advocacy functions. Absolute immunity does not apply. See *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that prosecutors are not absolutely immune for administrative or investigative acts, such as fabricating evidence before probable cause; facts: Prosecutors were sued for conspiring to fabricate bootprint evidence linking a defendant to a murder before any charges, and the Supreme Court denied absolute immunity, explaining that immunity protects only functions intimately associated with the judicial phase of the criminal process, not pre-indictment fabrication; this applies here because Defendants' post-judgment writs and exams are administrative enforcement acts outside prosecutorial advocacy, akin to fabrication of ongoing obligations despite satisfaction).

Qualified immunity also does not apply; officials knowingly violating clearly established rights cannot invoke it. See *Scheuer v. Rhodes*, 416 U.S. 232 (1974) (holding that executive officials are not immune if they knew or should have known their actions violated constitutional rights; facts: In a § 1983 suit against Ohio officials for Kent State shootings, the Supreme Court reversed absolute immunity dismissal, stating that qualified immunity requires good faith and reasonableness, and

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

officials can be liable for deliberate deprivations of rights; this applies because Defendants knowingly pursued fraudulent writs violating Plaintiffs' due process rights, lacking any good-faith basis post-satisfaction).

The AG Defendants (Cannon, Bullock, White, Fernandez) acted outside any legitimate prosecutorial role. Their actions parallel *Dennis v. Sparks*, 449 U.S. 24 (1980) (holding that private conspirators acting with immune judges can still be liable under § 1983; facts: Plaintiffs sued private parties for conspiring with a judge to enjoin oil production via a corrupt injunction, and the Supreme Court reversed dismissal, explaining that immunity does not extend to co-conspirators and that joint action with state officials can establish liability; this applies because even if some Defendants claim judicial ties, their conspiratorial fraudulent enforcement strips immunity, exposing them to RICO and § 1983 claims).

   4.   Ongoing Retaliation Establishes Fresh Federal Claims.

Cannon's September 19 filings (Exs. C, D, E) show ongoing retaliation — debtor exams and contempt based on a judgment already satisfied. This is not "review" of a past judgment but new misconduct falling squarely within this Court's jurisdiction under § 1983 and RICO.

**CONCLUSION**

For these reasons, Plaintiffs request that this Court take supplemental judicial notice of Exhibits A-E and consider them in denying Defendants' motions. This contradiction underscores why Rooker-Feldman cannot apply here and why Cannon and co-defendants cannot rely on immunity. These materials prove ongoing retaliation and extrinsic fraud, establishing federal jurisdiction and necessity for discovery.

Dated: September 22, 2025

Respectfully submitted,

/s/ John Donnelly Sweeney

John Donnelly Sweeney, Pro Se

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

/s/ Jennifer Frost

Jennifer Frost, Pro Se

**DECLARATION OF JOHN DONNELLY SWEENEY IN SUPPORT OF SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**

I, John Donnelly Sweeney, declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) as follows:

1. I am a plaintiff in the above-captioned action, appearing pro se, and I am over the age of 18 and competent to testify to the matters stated herein. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. This declaration is submitted in support of Plaintiffs' Supplemental Request for Judicial Notice of Material Contradictions in Defendants' Positions Undermining Rooker-Feldman and Immunity Defenses.

3. The exhibits attached to the Supplemental Request for Judicial Notice are true and correct copies of the originals, obtained from official public records or directly from the relevant court filings, as follows:

a. Exhibit A is a true and correct copy of Federal Order No. 323 (EPA/JMLT Restoration Obligation), which I obtained from federal agency records pertaining to Point Buckler Island.

b. Exhibit B is a true and correct copy of the Notice of Entry of Judgment in case CU24-01789, filed August 28, 2025, which I obtained from the Solano County Superior Court records.

c. Exhibit C is a true and correct copy of Plaintiffs' Motion to Dismiss Ongoing Enforcement Proceedings in case FCS048136, filed September 19, 2025, which I personally prepared and filed.

d. Exhibit D is a true and correct copy of the Attorney General's Notice of Debtor Examinations and "Outstanding Violations" in case FCS048136, filed September 19, 2025, which I obtained from the Solano County Superior Court records.

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**

e. Exhibit E is a true and correct copy of the Excerpt from California Regional Water Quality Control Board's Appendix in Support of Notice of November 3, 2025 Debtor Examinations and Notice of Outstanding Violations; Vol. I, Exhibits 1-40 in case FCS048136, filed September 19, 2025, which I obtained from the Solano County Superior Court records.

4. These exhibits are authentic public records or documents from ongoing state court proceedings, and their accuracy cannot reasonably be questioned under Federal Rule of Evidence 201. They are directly relevant to demonstrating the material contradictions in Defendants' positions, as detailed in the Supplemental Request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 22, 2025, at Suisun California.

/s/ John Donnelly Sweeney

John Donnelly Sweeney, Pro Se

**PLAINTIFFS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATERIAL CONTRADICTIONS IN DEFENDANTS' POSITIONS UNDERMINING ROOKER-FELDMAN AND IMMUNITY DEFENSES**